**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RASHARD A. HERRING**                                                  **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO.: 3:09-cv-123-TSL-FKB**

**SUPERIOR WELDING & FABRICATION, INC.**                    **DEFENDANT**

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE
TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff and files this his Response to Defendant's Motion for Summary Judgment. In support thereof, Plaintiff would show as follows:

**I.   BACKGROUND FACTS**

Plaintiff began his employment with Defendant in October 2007. *See* Deposition of Plaintiff at p. 19, attached hereto as Exhibit "A." On April 17, 2008, Darryl Dyess, who was another employee of Defendant, referred to Plaintiff as a "fucking nigger." Def. Mem. at p. 2-3; *See* Exhibit "A" at p. 27-29. On or about the same day Plaintiff complained to Jason Warren, who was Plaintiff's supervisor, about Mr. Dyess' racial remarks. *See* Exhibit "A" at p. 32. Mr. Warren responded by informing Plaintiff that he "did not need that kind of stuff going on" and that the Defendant was terminating him. *Id.* at p. 31-32.

The next day Plaintiff spoke to Mr. Brister, who was the owner, where Mr. Brister revoked the termination and claimed Plaintiff was just supposed to get a weekend off. *Id.* at p. 32. Shortly afterward Plaintiff and Donovan Carnley, who informed Plaintiff he had been referred to as a "fucking nigger" were laid off.

On July 15, 2008, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendant for retaliation

and race discrimination. *See* EEOC Charge, attached hereto as Exhibit "B." On January 21, 2009, the EEOC issued Plaintiff a Notice of Right to Sue. *See* Notice of Right to Sue, attached hereto as Exhibit "C."

## II.   STANDARDS FOR SUMMARY JUDGMENT

District courts may properly grant summary judgment only if, viewing the facts in the light most favorable to the non-movant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).*

Summary judgment only shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of identifying the basis for its belief that there is an absence of a genuine issue for trial, and pointing out those portions of the record that demonstrate such an absence. *Id.* Once the movant has made this initial showing, the nonmoving party must present competent summary judgment evidence to show a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Such evidence consists of specific facts that show a genuine fact issue, such that a reasonable jury might return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654,

655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).  But mere conclusory statements, speculation, and unsubstantiated assertions are insufficient to fend off a motion for summary judgment.  *Anderson*, 477 U.S. at 248-50; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (en banc); *Abbot v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993).

### III. ARGUMENT

    A.    **PLAINTIFF'S RETALIATION CLAIM SURVIVES SUMMARY JUDGMENT**

To establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) she engaged in protected activity; (2) action was taken by the employer against the plaintiff that a reasonable employee would consider materially adverse; and (3) a causal connection exists between the protected activity and the adverse action. *Burlington N. & Santa Fe. Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 2415 (2006); *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 319 (5th Cir. 2004); *Roberson v. Alltel Info. Sys.,* 373 F.3d 647, 655 (5th Cir. 2004).

It is clear the Plaintiff engaged in protected activity by complaining of racial harassment.  While the one racial comment may not be considered a racial hostile environment according the absurdly high standards set out by the Fifth Circuit, the issue is not whether the racial statement is considered a racially hostile work environment set out by the Fifth Circuit, but rather whether Plaintiff had a good faith belief he was subjected to a racial hostile work environment. *Brown v. Mississippi Division of Medicaid*, 2010 WL 956166 (S.D. Miss. 2010). While the Defendant claims the racial statement cannot be considered a racial hostile work environment, it makes no argument that Plaintiff did not have a good faith belief he was complaining of a racial hostile work

environment. Plaintiff suffered an adverse employment action by being terminated by Mr. Warren on the same day he made his complaint. The fact that Mr. Brister later revoked the termination does not negate that Plaintiff was terminated. Additionally, the fact Mr. Brister was going to require Plaintiff to take the weekend off without pay is evidence that Mr. Brister had a retaliatory intent as well.

The Defendant tries to argue it would have terminated Plaintiff anyway for his absences. This seems to be contradictory to Defendant's alleged legitimate non-discriminatory reason as it claims it laid off Plaintiff for lack of work. If Defendant really would have terminated Plaintiff for absences it would have done so earlier. Plaintiff did not allegedly miss 20 days all on the day he was laid off. If Defendant viewed Plaintiff as having an attendance problem it would have terminated Plaintiff long before he was laid off. Additionally, the fact Defendant chose to only lay off Plaintiff and Mr. Donovan, who had informed Plaintiff of the racial comment, within a few days of the complaint is evidence of causation. Defendant simply offers no reason for choosing Plaintiff and Mr. Donovan to layoff compared to other employees in the same position.

### B.     PLAINTIFF CONCEDES HIS RACE DISCRIMINATION.

Plaintiff concedes it is arguable that he cannot proffer a prima facie case of race discrimination.

### IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court deny the Defendant's Motions for Summary Judgment.

THIS, 6$^h$ day of May, 2010.

-4-

>Respectfully submitted,
>
>By: _s/ Nick Norris_____
>LOUIS H. WATSON, JR. (MB No. 9053)
>NICK NORRIS (MB No. 101574)
>Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
628 N. State Street
Jackson, MS 39202
Phone No.   (601) 968-0000
Fax No.      (601) 968-0010
Brief in Support of Response to Motion for Summary Judgment.wpd

## **CERTIFICATE OF SERVICE**

    I, Nick Norris,  attorney for Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via ECF filing or by United States Mail, postage prepaid, on the following:

>Dennis L. Horn
>HORN AND PAYNE, PLLC
>Post Office Box 2754
>Madison, Mississippi 39130
>Telephone: (601) 853-6090
>Facsimile:  (601) 853-2873
>hpattys@aol.com

    THIS, the 6th day of May, 2010.

> /s Nick Norris_____
>NICK NORRIS